869 F.2d 382
 Paul Michael KNIGHT, Administrator of the Estates of Larry
Knight & Tammy Knight, Deceased, and as Next
Friend of Johnny Paul Knight, a minor, Appellant,
v.
The HOME INSURANCE COMPANY, Appellee.
 No. 88-1751.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 15, 1988.
Decided March 3, 1989.
 
 Charles S. Gibson, Dermott, Ark., for appellant.
 S. Hubert Mayes, Jr., Little Rock, Ark., for appellee.
 Before McMILLIAN and BOWMAN, Circuit Judges, and BOGUE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Paul Michael Knight appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas on cross-motions for summary judgment holding that Gena Renee Wilson was an insured motorist at the time her car collided with the one occupied by appellant's decedents, Larry Knight and Tammy Knight. The district court dismissed with prejudice appellant's action against appellee, Home Insurance Co. Knight v. Home Ins. Co., No. PB-C-87-352, slip op. at 6 (E.D.Ark. May 3, 1988). For reversal, appellant argues that the district court erred in construing the definition of an "uninsured motor vehicle" set forth in the insurance policy issued to the Knights by appellee as not including a vehicle provided with retroactive coverage during the renewal grace period offered by the insurer of that vehicle. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 The Knights were killed on May 2, 1987, when their car collided with Wilson's car. Wilson was also killed in the accident. The matter of who was at fault is not an issue between the parties who are in agreement that Wilson's negligence caused the collision.[2]
 
 
 3
 Wilson's car had been covered by an automobile liability policy issued by United States Fidelity & Guaranty Co. (USF & G). Wilson's policy provided liability coverage in the amount of $50,000 for each individual injured in a covered occurrence and $100,000 total for each covered occurrence. The policy period ran from October 22, 1986, to April 22, 1987. On April 28, 1987, USF & G sent an Automobile Reinstatement Privilege Notice (Notice) to Wilson's husband. The Notice stated that the Wilsons' liability insurance coverage had terminated on April 22, 1987, but that if USF & G received a premium from the Wilsons within fifteen days of the date of the Notice, the policy would be renewed without a lapse in coverage. On May 7, 1987, Wilson's husband mailed the premium to USF & G, which received it on May 12, 1987, within the fifteen-day grace period.
 
 
 4
 The Knights had purchased an insurance policy from appellee which provided uninsured motorist coverage. That policy defines an uninsured motor vehicle in part as one "to which no bodily injury liability ... policy applies at the time of the accident." The uninsured motorist coverage provided by the Knights' policy was in the amount of $300,000.
 
 
 5
 Appellant argues that "at the time of the accident" Wilson was an uninsured motorist because she had allowed her policy with USF & G to lapse. Appellant argues that the subsequent action taken by Wilson's husband to renew the policy retroactively should have no bearing on a determination of Wilson's status as insured or uninsured at the time of the accident.
 
 
 6
 The district court found that the action taken by Wilson's husband to retroactively renew the policy as provided for in the Notice received by him caused Wilson to be covered by insurance at the time of the accident. Wilson was, therefore, not an uninsured motorist within the meaning of the policy issued by appellee to the Knights. Slip op. at 4-5.
 
 
 7
 We have carefully considered the entire record, and we are satisfied that the district court was correct in its analysis.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. See 8th Cir. Rule 14.
 
 
 
 *
 The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [2]
 Neither Wilson's estate nor her insurer, United States Fidelity & Guaranty Co., is a party to this lawsuit